```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
COMBAT ZONE CORP.                                     :
                                                      :
                    Plaintiff,                        :
                                                      :
            - against -                               :
                                                      :         **ORDER**
DOES 1-33,                                            :     12 CV 4132 (KMW) (FM)
                                                      :
                    Defendants.                       :
                                                      :
------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

Plaintiff, Combat Zone Corp. ("Combat Zone"), brings this action for copyright infringement against John Doe Defendants (collectively "Defendants"), alleging that the Defendants used a peer-to-peer file sharing program to download and illegally distribute Combat Zone's copyrighted adult film. After obtaining the Internet Protocol ("IP") addresses of 33 peer-to-peer users who allegedly downloaded and distributed the film in this District, Combat Zone filed this motion for expedited discovery to obtain identifying information and mailing addresses of the users from their Internet Service Providers.

## I. Background

Combat Zone is a California company that produced a film entitled *Teen Babysitters #3*, for which it received copyright approval on January 17, 2012. Combat Zone sells the film as a DVD. Combat Zone alleges that Defendants used a peer-to-peer network on the Internet to download and share the film without Combat Zone's permission or consent, in violation of 17 U.S.C. § 101 *et seq*. Combat Zone alleges that all of the Defendants downloaded the exact same

1

file containing part or all of the copyrighted film, within a limited period of time, within the Southern District of New York.

## II. Motion for Expedited Discovery

Combat Zone has filed this *ex parte* motion to permit expedited discovery from third-party Internet Service Providers in order to obtain identifying information associated with the IP addresses that Combat Zone alleges were used to illegally distribute its copyrighted film.

Federal Rule of Civil Procedure 26 ("Rule 26") governs required disclosures and the process of discovery in a civil case. Fed. R. Civ. P. 26. Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Courts in this district have applied a "flexible standard of reasonableness and good cause" in considering requests for expedited discovery. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (Nathan, J.) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (Lynch, J.)). "[P]articularly careful scrutiny" is warranted when plaintiffs seek expedited discovery on an *ex parte* basis. *Ayyash*, 233 F.R.D. at 327.

In this case, Combat Zone has alleged a prima facie case of copyright infringement. Combat Zone has also identified the Defendants with sufficient specificity by listing each IP address, the file that was downloaded or uploaded, and the date and time of the allegedly infringing transfer. (Complaint Ex. A.) Combat Zone has described the steps that it took to locate and identify the Defendants and demonstrated that the proposed subpoena is likely to lead to information that will permit service of process. Combat Zone has also stated that it cannot identify and serve the Complaint upon the alleged infringers without the expedited discovery and

2

issuance of the subpoenas requested. In addition, Combat Zone may also need an order from this Court to obtain some of the information because any of the Internet Service Providers who qualify as "cable operators" for the purposes of 47 U.S.C. § 522(5) are prohibited from disclosing the identities of their subscribers by the protections of 47 U.S.C. § 551(c), absent a court order.

Given the inability of Combat Zone to obtain the information necessary to identify and serve the Defendants absent a court order allowing expedited discovery, the Court finds that Combat Zone has established good cause to issue a Rule 45 subpoena to the Internet Service Providers listed in Exhibit A to its Complaint, in accordance with the protections ordered below.

Because the Court is concerned about the privacy of those identified by the subpoenas and the possibility that some individuals identified by their IP addresses may not actually be the individuals who downloaded the film at issue in this case, the Court issues the protective order below in order to ensure that the information is initially treated confidentially and to allow the Defendants and the Internet Service Providers to be heard before any identifying information is revealed to Combat Zone. *See Digital Sin*, 279 F.R.D. at 242-43.

### III. Conclusion

For the foregoing reasons, the Court finds that there is good cause for Combat Zone to begin discovery prior to a Rule 26(f) conference and Combat Zone's motion for expedited ~~is~~ discovery GRANTED.

IT IS HEREBY ORDERED that Combat Zone may immediately serve a Rule 45 subpoena on the Internet Service Providers listed in Exhibit A to the Complaint to obtain information to identify Does 1-33, specifically his or her name, address, Media Access Control ("MAC") address, and email address. Combat Zone may also serve a Rule 45 subpoena on any

intermediary Internet Service Provider that may be identified in response to a subpoena as providing intermediary Internet services to one or more of the Doe Defendants.

IT IS FURTHER ORDERED that when an Internet Service Provider listed in Exhibit A is served with a subpoena, Combat Zone shall also serve a copy of this Order with the subpoena. The Internet Service Provider shall then serve a copy of this Order on affected subscribers.

IT IS FURTHER ORDERED that the Internet Service Providers will have 60 days from the date of service of the Rule 45 subpoena upon them to serve Does 1-33 with a copy of the subpoena and a copy of this Order. The Internet Service Providers may serve Does 1-33 using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that Does 1-33 shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The Internet Service Providers may not turn over the Defendants' identifying information to Combat Zone before the expiration of this 60-day period. Additionally, if a Defendant or Internet Service Provider files a motion to quash the subpoena, the Internet Service Providers may not turn over any information to Combat Zone until the motion to quash has been resolved and the Court issues an Order instructing the Internet Service Providers to resume turning over the requested discovery.

IT IS FURTHER ORDERED that if that 60-day period lapses without a Doe Defendant or Internet Service Provider contesting the subpoena, the Internet Service Providers shall have 10 days to produce the information responsive to the subpoena to Combat Zone. A Doe Defendant or Internet Service Provider that moves to quash or modify the subpoena, or to proceed

anonymously, shall at the same time as his or her filing also notify all Internet Service Providers so that the Internet Service Providers are on notice not to release any of the Doe Defendants' contact information to Combat Zone until the Court rules on any such motions.

IT IS FURTHER ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

IT IS FURTHER ORDERED that Combat Zone cover any costs that the Internet Service Provider charge for researching the Doe Defendants.

IT IS FURTHER ORDERED that if and when Combat Zone files an amended complaint identifying Defendants by name, Combat Zone shall submit such amended complaint under seal with the Court. Defendants shall have 60 days from the date of service of the complaint to file any applications with this Court under seal.

IT IS FURTHER ORDERED that any information ultimately disclosed to Combat Zone in response to a Rule 45 subpoena may be used by Combat Zone solely for the purpose of protecting Combat Zone's rights as set forth in its complaint.

IT IS FURTHER ORDERED that subpoenas authorized by this Order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. § 551.

SO ORDERED.

Dated: New York, New York

      July _18_, 2012

_____
Kimba M. Wood
United States District Judge

5